JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
JESSICA BROMALL SPARKMAN (Bar No. 235017)
jbromall@jmbm.com
MADELINE LEI MOMI GOOSSEN (Bar. No. 357733)
mgoossen@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff Orly International, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ORLY INTERNATIONAL, INC., a California domestic stock corporation,<br><br>Plaintiff,<br><br>v.<br><br>WORLD AMENITIES, INC. a California corporation; ROBANDA INTERNATIONAL, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-2154<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A));**<br><br>**(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B));**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**(5) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**<br><br>**DEMAND FOR TRIAL BY JURY** |

For its Complaint, plaintiff Orly International, Inc. ("Orly" or "Plaintiff") alleges as follows:

1. Plaintiff owns the federally registered and incontestable trademark SPARITUAL® (the "SPARITUAL Mark") in connection with nail care and body care products. Defendants use the counterfeit mark SPA RITUALS in connection with the sale of body care products, infringing Plaintiff's rights in the SPARITUAL Mark. Orly therefore brings this complaint seeking an end to Defendants' infringement and counterfeiting.

## THE PARTIES

2. Plaintiff Orly is a domestic stock corporation organized and existing under the laws of the State of California, and having an address of 7710 Haskell Avenue, Van Nuys, California 91406. It is a citizen of California.

3. Defendant World Amenities, Inc. ("World Amenities") is a California corporation, having a business address of 8960 Carroll Way, Suite E, San Diego, CA 92121. At all times relevant to this action, World Amenities was, and is, doing business in this judicial district.

4. Defendant Robanda International, Inc. ("Robanda") is a California corporation, having a business address of 8260 Camino Santa Fe, Suite A, San Diego, California 92121. At all times relevant to this action, Robanda was, and is, doing business in this judicial district.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. World Amenities, Robanda and Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

6. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, each of the Defendants, including defendants Does 1 through

10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant, including the fictitiously named Defendants, directed, aided and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

7. Plaintiff is informed and believes, and on that basis alleges, that each Defendant conspired and acted in concert with each of the other Defendants to commit the wrongs against Plaintiff alleged herein, and in doing so were, at all relevant times, the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each Defendant was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of the other Defendants, whether said authority was actual or apparent.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement, false advertising, and unfair competition claims, which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition and common law trademark infringement claims.

9. This Court has personal jurisdiction over the Defendants as they operate in California and market, offer to sell and sell their infringing products in this judicial district.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendants conduct business in this District, and Plaintiff has been injured in this District as a result of Defendants' infringing conduct.

## GENERAL ALLEGATIONS

11. Plaintiff has been in the business of manufacturing, distributing, and selling nail care and body care products for over twenty (20) years under the SPARITUAL Mark.

12. Plaintiff owns an incontestable, federal trademark registration for the SPARITUAL Mark, namely, U.S. Reg. No. 2957718, issued May 31, 2005 for nail care and body care products.

13. Since at least 2005, Plaintiff has continuously used the SPARITUAL Mark in commerce and worldwide in connection with the marketing and sale of its nail care and body care products.

14. Since adopting the SPARITUAL Mark, Plaintiff has made significant investments in advertising its SPARITUAL® products and has generated millions of dollars in sales. Plaintiff's SPARITUAL® products are available for sale in numerous retail establishments as well as online.

15. Plaintiff has achieved a national reputation within the nail and body care industry for quality, reliability, and effectiveness. The SPARITUAL Mark is inherently distinctive and consumers recognize the SPARITUAL Mark as uniquely identifying Plaintiff. In addition to the rights memorialized in the above-identified federal registration, the SPARITUAL Mark enjoys common law trademark protection as a result of Plaintiff's consistent and long-standing use of the SPARITUAL Mark in commerce, as well as its hard work, attention to detail,

commitment to quality, and the investment of substantial time, effort, and money in advertising, research, and development.

16. Defendants are marketing, offering to sell and selling at least body care products under the SPA RITUALS trademark (the "SPA RITUALS Mark"). The SPA RITUALS Mark is identical with or substantially indistinguishable from the SPARITUAL Mark and, therefore, is a counterfeit mark.

17. Defendants use the counterfeit SPA RITUALS Mark in connection with the identical type of goods in connection with which Plaintiff uses the SPARITUAL Mark. Defendants use creates a likelihood of consumer confusion, deception or mistake as to source, affiliation, sponsorship, approval and/or endorsement.

## FIRST CAUSE OF ACTION

Trademark Infringement

(15 U.S.C. § 1114)

18. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

19. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce counterfeits, reproductions, or colorable imitations of the federally registered SPARITUAL Mark in connection with the sale, offering for sale, distribution, and advertising, of goods.

20. Defendants, through the acts and omissions described herein, have reproduced, counterfeited, or colorably imitated the SPARITUAL Mark, and have applied such reproduction, counterfeit, or imitation to labels, signs, prints, advertisements, and other materials used or intended to be used in commerce on or in connection with the sale, offering for sale, distribution, or advertising of goods.

21. Defendants' above-described conduct concerning the SPARITUAL Mark is likely to cause confusion, including reverse confusion, or to

cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association. As a result of Defendants' conduct, confusion is likely to occur when consumers are making their purchasing decisions and/or post-sale.

22. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the SPARITUAL Mark.

23. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

24. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the SPARITUAL Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

25. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

26. Defendants have committed the acts alleged above with, on information and belief, full knowledge of and in disregard of Plaintiff's rights in and to the SPARITUAL Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

28. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the SPARITUAL Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause

confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

29. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

30. On information and belief, Defendants' intentionally used the SPA RITUALS Mark knowing it to be counterfeit. In view of Defendants' conduct alleged herein, and because such conduct was intentional and in blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits established at trial, pursuant to 15 U.S.C. §1117(a) and (b).

31. With respect to the counterfeit mark used by Defendants, pursuant to 15 U.S.C. § 1117(c), Plaintiff seeks, in the alternative, an award of statutory damages for Defendants' use of such mark. In view of Defendants' blatant disregard of Plaintiff's rights and Defendants' willful and intentional use of the counterfeit mark in an effort to trade on and profit from Plaintiff's established goodwill in the federally registered SPARITUAL Mark, Plaintiff seeks an award of at least $2,000,000.

32. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and containers bearing the SPARITUAL Mark or any other marks confusingly similar thereto.

33. On information and belief, Defendants' intentionally used the SPA RITUALS Mark knowing it to be counterfeit. And, Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## SECOND CLAIM FOR RELIEF

## Unfair Competition

(15 U.S.C. § 1125(a)(1)(A))

34. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

35. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, in connection with the sale, offering for sale, distribution, and advertising, of goods.

36. Defendants' above-described conduct concerning the SPARITUAL Mark is likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff, which is not the case.

37. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the SPARITUAL Mark. Defendants are not authorized to provide any goods bearing the SPARITUAL Mark.

38. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

39. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the SPARITUAL Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

40. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one

another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

41. Defendants have committed the acts alleged above, on information and belief, with full knowledge of and in disregard of Plaintiff's rights in and to the SPARITUAL Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

43. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of the SPARITUAL Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

44. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

45. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

46. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels or advertisements, bearing the SPARITUAL Mark or any other mark confusingly similar thereto.

47. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### False Advertising

### (15 U.S.C. § 1125(a)(1)(B))

48. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

49. Defendants, through the acts and omissions described herein, have used and continue to use, in interstate commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact ("false statements"), in commercial advertising or promotion that misrepresent the nature, characteristics, or qualities of their goods, including, by falsely suggesting that goods are SPARITUAL® products, which it is not.

50. Defendants' false and materially misleading statements and omissions have actually deceived or have the tendency to deceive a substantial segment of their audience; that deception is material, in that it is likely to influence the audience's purchasing decision; and Plaintiff has been or is likely to have been injured as a proximate result of Defendants' false statements, including by damaging Plaintiff's reputation and by a lessening of the goodwill associated with Plaintiff's SPARITUAL Mark.

51. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

52. Defendants are also secondarily liable for contributory false advertising in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly engage in false advertising; and/or they have continued to provide others with infringing goods,

with knowledge of the direct infringers' display or use of the infringing goods constitutes false advertising.

53. Defendants are also secondarily liable for vicarious false advertising in that Defendants have an apparent or actual partnership among and between themselves, and/or with other actors, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the false advertising.

54. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

56. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future false advertising by Defendants, as alleged herein, including further use of the SPARITUAL Mark and the SPA RITUALS Mark. Unless such an injunction issues, Defendants' false advertising will continue to materially deceive the relevant public, thereby irreparably damaging Plaintiff.

57. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' false advertising, as well as an order awarding all of Defendants' profits traceable to Defendants' false advertising.

58. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

59. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and advertisements, bearing or including any of the false advertising as alleged herein.

60. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

61. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

62. The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

63. Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion, including reverse confusion, or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods or other commercial activities, or as to the sponsorship or approval of Defendants' goods or other commercial activities by Plaintiff, which is not the case.

64. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the SPARITUAL Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

65. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

66. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

67. Plaintiff lacks an adequate remedy at law and seek an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of the SPARITUAL Mark and SPA RITUALS Mark. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

68. Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct by which Defendants were unjustly enriched.

69. Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights. Defendants are guilty of intentional, oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and hereby seeks, punitive damages from Defendants.

### FIFTH CLAIM FOR RELIEF

Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200)

70. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

71. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 *et seq.*, by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of state and federal trademark and unfair competition law.

72. These acts and practices violate Business and Professions Code Section 17200, in that they are illegal, unfair, and/or fraudulent business practices.

73. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policies.

74. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For a preliminary and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners, agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1. infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in the SPARITUAL Mark;

2. using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including the SPARITUAL Mark or the SPA RITUALS

Mark, in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods, or other commercial activities, or as to the sponsorship or approval of Defendants' goods, or other commercial activities by Plaintiff; or that misrepresents the nature, characteristics, or qualities of Defendants' or Plaintiff's goods or commercial activities;

        3.     engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or the SPARITUAL Mark; and

        4.     using the SPARITUAL Mark or SPA RITUALS Mark in connection with the sale, offering for sale, distribution, and advertising of any goods and/or services or any other commercial activities.

    B.    Ordering Defendants to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

    C.    For an order that the SPA RITUALS Mark is a counterfeit mark.

    D.    For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114.

    E.    For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's rights in the SPARITUAL Mark, and that Defendants' conduct violates 15 U.S.C. § 1125(a).

    F.    For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's common law trademark rights and/or engaged in acts of common law unfair competition against Plaintiff.

    G.    For an order that, by the acts complained of herein, Defendants have engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

H. For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Plaintiff's rights.

I. For an order awarding Plaintiff's general and/or specific damages, in an amount to be fixed by the Court in accordance with proof.

J. For an order awarding all of Defendants' profits traceable to Defendants' conduct.

K. For an order trebling any damage or profits established.

L. For an order awarding statutory damages in the amount of at least $2,000,000 for the counterfeit mark used by Defendants.

M. For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

N. For an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing any of the SPARITUAL Mark, the SPA RITUALS or any other mark confusingly similar thereto, or any false advertising concerning Plaintiff's or Defendants' goods.

O. For an order finding that this is an exceptional case, and awarding Plaintiff its costs and attorneys' fees incurred in prosecuting this action.

DATED: March 11, 2025       JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN
MADELINE LEI MOMI GOOSSEN

By:   /s/ Jessica Bromall Sparkman
      JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff Orly International, Inc.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: March 11, 2025

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN
MADELINE LEI MOMI GOOSSEN

By: /s/ Jessica Bromall Sparkman
JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff Orly International, Inc.